## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES BREIDECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:20-CV-253-MAB |
| | ) | |
| GARNETT WOOD PRODUCTS CO., | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Response to Order to Show Cause and Motion to Postpone Hearing (Doc. 116). The hearing set for February 8, 2024, was canceled, (Doc. 117), as a result of Plaintiff indicating that he would not be appear (*see* Doc. 116). The Court now dismisses this case with prejudice, pursuant to Federal Rule of Civil Procedure 41(b), based on Plaintiff's repeated failures to comply with the Court's Orders, deadlines, and efforts to finalize the valid and enforceable settlement that was reached by the parties.

The parties participated in a mediation session on June 15, 2022, at which they signed a Settlement Memorandum stating that they had agreed to a settlement and delineating the nine material terms of the settlement, which would be "memorialized in a comprehensive written settlement agreement and release" in the days to come (Doc. 80-1). The mediator notified the Court that the case had settled, and the Court entered its standard 60-day Order on June 23, 2022, giving the parties 60 days to finalize the

settlement before the Clerk of Court entered judgment (Docs. 64, 65).

Plaintiff's (former) counsel, Tom Ysursa, and defense counsel immediately began corresponding via email to complete the more detailed, comprehensive written settlement agreement. For approximately the next six and a half weeks, counsel for both sides went back-and-forth negotiating, working out the details, consulting with their clients, and trading drafts (*see* Docs. 80-2 through 80-10). A final draft of the comprehensive written settlement agreement was sent to Mr. Ysursa on July 26, 2022, for Plaintiff's signature (Doc. 80-8, p. 1). However, Plaintiff refused to sign (*see* Docs. 80-11, 80-12).

Plaintiff's refusal prompted Mr. Ysursa ask the Court to withdraw as Plaintiff's counsel (Docs. 70, 73). The Court conducted an ex parte session on the motion to withdraw with both Plaintiff and Mr. Ysursa and ultimately granted the motion to withdraw (Doc. 73). Plaintiff opted to proceed pro se (Doc. 77). Defendant then filed a motion asking the Court to enforce the settlement (Doc. 80). The Court granted Defendant's request, over Plaintiff's opposition, finding that the parties reached a valid and enforceable settlement at the mediation (Doc. 98). In this Order, the Court went to great lengths to address all of Plaintiff's arguments and contentions (*See* Doc. 98, pp. 11-18). Ultimately, Plaintiff was ordered to sign the comprehensive written settlement agreement by May 22, 2023, or in the event that he had proposed revisions, to confer with defense counsel and submit them to the Court if they could not reach an agreement (Doc. 105).

Plaintiff did not sign the agreement nor submit any proposed revisions to the

Court (*see* Doc. 105, p. 24). Rather, he filed a motion to reconsider, once again arguing that there was no valid and binding settlement (Doc. 100; Doc. 102). He also suggested that he would not sign the comprehensive written settlement agreement because it was "materially different" than the terms of the initial Settlement Memorandum (Doc. 102, pp. 8, 10–11). On October 23, 2023, the Court denied Plaintiff's motion to reconsider, reiterating that the settlement was binding, but took note of Plaintiff's apparent objection to some of the language or terms of the comprehensive written settlement agreement (Doc. 105, pp. 5–6). At this juncture, the Court opted to set the matter for hearing so that it could hear the specifics of Plaintiff's purported objections—which, at that point, remained undisclosed—and to decide whether the final written agreement fairly and accurately reflected the parties' agreement and the terms of the initial Settlement Memorandum (*Id.*). The Court specifically noted that at the hearing, the Court "will hear argument from *both sides*" about whether the comprehensive settlement agreement accurately reflected the terms of the Settlement Memorandum that all parties signed (Doc. 105, p. 6) (emphasis added). The parties were expressly told that they had to appear at the hearing and that the Court intended the hearing would result in a written settlement agreement, which both parties would be expected to execute (*Id.* at pp. 6, 7). Plaintiff was warned that a refusal to sign the document may result in sanctions, including dismissal of this case with prejudice (*Id.*).

A Notice of Hearing was entered, setting the hearing for November 14, 2023 (Doc. 106). Plaintiff, however, did not appear at the hearing on November 14th (*see* Doc. 108). And the Court was unable to reach him (*Id.*). Defense counsel asked the Court to dismiss

the case with prejudice based on Plaintiff's failure to appear (*Id.*). However, the Court felt that under the circumstances, and in an abundance of caution, a Show Cause Order was more appropriate than dismissal (Doc. 108; Doc. 109, p. 3). Plaintiff was given one week to tell the Court why he failed to appear, why his failure should not be construed as a refusal to comply with the Court's orders and efforts to finalize the settlement, and why the case should not be dismissed based on his non-compliance (Doc. 109, p. 3).[1]

Plaintiff filed a timely response, stating that he did not receive any notice from the Court regarding the hearing because his PACER account had been disabled (Doc. 110). He further stated that he only learned about the hearing "right before the scheduled hearing," and he "communicated 'in good faith'" with defense counsel and "directed" defense counsel to notify the Court that he was unable to attend the hearing (*Id.*).

Defendant filed a reply, primarily to address the "communication" from Plaintiff, which was attached to the reply (Doc. 111). Defense counsel explained that, on the evening before to the hearing, Plaintiff sent an email to an email address at counsel's prior law firm that counsel no longer had access to (*Id.* at p. 1).[2] Defense counsel also pointed out that Plaintiff stated in his email, "there is no controversy for the court to adjudicate" and that "[a] hearing would be inappropriate." (Doc. 111, p. 2; Doc. 111-1, p. 6). Plaintiff further stated, "If they wish to waste their time they can attend the hearing." (Doc. 111,

---

[1] The Show Cause Order was served on Plaintiff electronically via the Court's electronic filing system and also sent to him via certified mail (*see* Doc. 109, p. 3).

[2] Indeed, defense counsel filed a Notice of Change of Address indicating he had changed firms on August 9, 2023, (Doc. 104), which was over three months before Plaintiff tried to email him regarding the hearing.

p. 2; Doc. 111-1, p. 6). Defense counsel argued that these statements reflected Plaintiff's deliberate disregard for the Court's instruction to appear at the hearing and revealed that the true reason Plaintiff failed to appear was because he had no plans to sign the comprehensive written settlement agreement (Doc. 111, p. 2).

The Court was unsatisfied with Plaintiff's response to the Show Cause Order for a number of reasons. First, Plaintiff offered nothing more than a general "I couldn't make it," and made no effort to explain the circumstances that allegedly prevented him from attending the hearing on November 14th (*see* Doc. 110). Next, the Court had reason to doubt the veracity of Plaintiff's assertion that he did not know about the hearing until right beforehand. Although Plaintiff's PACER account had been disabled, he still received Notices of Electronic Filing (NEF), which are issued by the Court's electronic filing system separately and independently of the PACER system.[3] Records show that an NEF for the Notice of Hearing was sent to Plaintiff's email on October 24, 2023, and contained the full docket text, which read:

> NOTICE of Hearing re: settlement agreement set for 11/14/2023 at 10:00 AM in East St. Louis Courthouse before Magistrate Judge Mark A. Beatty. If this setting does not work for either party, they can file a motion asking to reset hearing. Prior to filing the motion, they must confer with the opposing party to find alternate dates and times that work for both of them. Those proposed alternate settings should be set forth in the motion. (jmj) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED.

---

[3] The NEFs also provided Plaintiff with "one free look" at any Order or other document that was included as a PDF with the docket entry. In the case of the Notice of Hearing (Doc. 106), there was no attached PDF Order; the docket text was the entire Order. But in the case of the Order denying Plaintiff's motion to reconsider (Doc. 105), there was an attached PDF that Plaintiff was able to access once from the NEF.

(Doc. 106). This means that as early as October 24th, Plaintiff had in his e-mail inbox all of the information he needed to know about the November 14th hearing as well as what was expected of him if he was unable to attend the hearing. Plaintiff chose not to directly inform the Court of his unavailability despite the Court's instructions requiring him to do so. Finally, and perhaps most notably, Plaintiff gave absolutely no indication as to whether he wanted and intended to finalize the settlement, and as defense counsel pointed out, Plaintiff's November 13th email certainly seemed to indicate that he did not (*see* Doc. 110).

At that point, the Court was still reluctant to dismiss the case without a more direct and clear-cut answer from Plaintiff that he was not going to move forward with the settlement. *See Lewis v. Sch. Dist. #70*, 648 F.3d 484, 488 (7th Cir. 2011) ("The power to sanction via dismissal is one which should be exercised with great care . . . ."). Accordingly, a Show Cause hearing was set for February 8, 2024, "to further question Plaintiff about his failure to appear at the hearing on November 14, 2023, and inquire as to whether he intends to comply with the Court's orders and efforts to finalize the settlement" (Doc. 114). If the Court was satisfied with Plaintiff's responses, it would go on to hear argument about the terms of the final written settlement agreement and decide whether they were consistent with the terms of the initial Settlement Memorandum (*Id.* at p. 1). Plaintiff was told that if he was unable to attend the hearing, he was to "promptly and directly inform the Court" by filing a notice on the docket by February 6, 2024 (*Id.* at p. 2).   Plaintiff was also told that the notice should include dates and times on which he would be available so the Court could reset the hearing (*Id.*). Plaintiff was explicitly

warned that his failure to appear at the show cause hearing without notice would result in the imposition of sanctions, including dismissal of this lawsuit (*Id.*).[4]

On February 7, 2024 at 4:49AM—in disregard for the Court's deadline of February 6th—Plaintiff submitted a "Response and Motion to Postpone Show Cause Hearing," seeking (amongst other things) to postpone the Show Cause hearing "due to [his] schedule conflicts" and "until [he] procures appropriate legal counsel" (Doc. 116, p. 1). He once again failed to provide any details as to the circumstances that allegedly prevented him from attending the hearing. He said he "fears" that if he attends a hearing "without appropriate representation" that "he will be compelled, against his will, into an unconscionable, unilateral contract, with terms and conditions that were not negotiated, or agreed to, under the threat of sanction or contempt" (*Id.* at p. 6). He further stated that he "cannot attend a hearing where it is already expressed that he will be sanctioned and compelled to finalize the defendant's eight-page settlement agreement" (*Id.* at p. 3). Rather than proposing alternate dates and times as ordered, Plaintiff said that he is "helping with an elderly family member and is unable to attend hearing or write legal briefs," and therefore "requests a six month stay to procure appropriate legal counsel." (*Id.* at p. 5).

Given Plaintiff's most recent statements and considering his entire course of conduct since he first refused to sign the final settlement agreement in August 2022, the

---

[4] The Order and Notice of Hearing was sent to Plaintiff via email and certified mail (Doc. 114). The Court also issued an amended Order backdating Plaintiff's exemption from PACER fees so that Plaintiff's access to his PACER account would be restored (Doc. 115).

Court can only conclude that Plaintiff has no intention of complying with the Court's orders and efforts to finalize the settlement.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly and should dismiss a case under Rule 41 'only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing'" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)). "Although dismissal is a harsh sanction . . . the power to sanction through dismissal is essential to the district courts' ability to manage efficiently their heavy caseloads and thus protect the interests of all litigants." *Salata*, 757 F.3d at 699 (citing *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177–78 (7th Cir. 1987)).

The Court has repeatedly told Plaintiff that the settlement is valid and enforceable, and he must take the steps necessary to memorialize and finalize it (Doc. 98; *see also* Docs. 105, 109). But the Court's orders have been consistently met with disregard by Plaintiff, despite repeated warnings that the case would be dismissed. He has refused to accept the Court's conclusion that a valid and enforceable settlement was reached and has refused to sign the final settlement agreement as written for nine months. He has likewise refused to provide the Court with any specific objections to the terms of the final settlement

agreement. And he has otherwise thwarted or obstructed all of the Court's efforts to hear from him regarding any of his concerns about the final written settlement agreement. He has refused to appear at hearings and provided the Court with hollow and evasive reasons as to why he cannot or did not appear. Now Plaintiff wants the Court to stay the case for an additional *six months* so that he can retain an attorney, when he has already had a year and a half to do so. All the while, Plaintiff has continued to obstinately insist that the settlement is not binding (*see, e.g.,* Doc. 116, p. 2; Doc. 111-1). The Court believes that if it were to grant a stay, it would be in the exact place it is now in six months—with Plaintiff continuing to insist that the settlement is not enforceable.

Plaintiff has been given more than enough chances to finalize the settlement and due warning that if he refused to do so, the case would be dismissed. But he has ignored the Court's admonitions, perhaps in the (misguided) hope the Court would eventually be persuaded to overturn the settlement. As the Seventh Circuit has said, "[r]epeated orders directing [a plaintiff] to proceed on the basis of a valid settlement should [be] sufficient to convince [him] that [his] position had not gained any traction with the court" and the plaintiff's continued disregard for the court's orders "leav[es] [the court] with little recourse but to dismiss the lawsuit." *Lewis v. Sch. Dist. #70*, 648 F.3d 484, 489 (7th Cir. 2011).

It is extremely unfortunate that Plaintiff's actions have caused him to lose a substantial settlement. The Court does not render this decision lightly. In fact, the Court went to great lengths to try to avoid having to make this decision. But the Court cannot allow Plaintiff to flout the Court's Order enforcing the settlement any longer and feels as

though Plaintiff has left the Court with no other choice. *See Lewis*, 648 F.3d at 489 ("When a district court judge is unable to dispose of a matter because a recalcitrant plaintiff systematically refuses to obey the court's orders, dismissal is justified."); *Givens v. Vaughn*, No. 20-2555, 2021 WL 3661206, at *2 (7th Cir. Aug. 18, 2021) (affirming dismissal where plaintiff persistently refused to sign settlement documents despite warnings and orders to do so).

Accordingly, the settlement between the parties is hereby **VACATED** and this case is **DISMISSED with prejudice** pursuant to Rule 41(b) for failure to comply with the orders of the Court. The Court will decide the collateral matters, including Defendant's motion for sanctions (Doc. 112), in due course after Defendant has had an opportunity to reply.

**IT IS SO ORDERED.**

**DATED: February 9, 2024**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**

## Notice To Plaintiff

Plaintiff is advised that this is a final decision ending his case in this Court. If Plaintiff wishes to contest this decision, he has two options: he can ask the undersigned to reconsider the Order or he can appeal to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal in the district court *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard). The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

On the other hand, if Plaintiff wants to start with the undersigned, he can file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), but such a motion is not required to preserve his appellate rights. Any Rule 59(e) motion *must* be filed within twenty-eight (28) days of the entry of judgment. FED. R. CIV. P. 59(e), and the deadline *cannot* be extended. *See* FED. R. CIV. P. 6(b)(2). Any motion must also comply

with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010) ("This court has held that otherwise timely skeletal motions that fail to satisfy the requirements of FED. R. CIV. P. 7(b)(1) do not postpone the 30–day period for filing a notice of appeal . . . .").

So long as the Rule 59(e) motion is in proper form and filed no later than 28 days after the judgment is entered, the 30-day clock for filing a notice of appeal will be stopped. FED. R.APP. P. 4(a)(4). The clock will start anew once the motion is ruled on. FED. R.APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal, and the clock will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.,* 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, the deadline for filing a notice of appeal can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.